UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONKA HAYNES (#338440)

VERSUS                                          CIVIL ACTION

LT. CLARENCE PARKER, ET AL                      NUMBER 13-818-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 20, 2015.

                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONKA HAYNES (#338440)

VERSUS                                           CIVIL ACTION

LT. CLARENCE PARKER, ET AL                       NUMBER 13-818-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the plaintiff's Cross Motion for Summary Judgment, record document number 18, and Defendant's Second Motion for Partial Summary Judgment on the Claims of Deliberate Indifference, Cruel and Unusual Punishment and Excessive Force filed by Clarence Parker, record document number 19.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Clarence Parker, Capt. Gary Aymond and Sgt. Frye. Plaintiff alleged that he was subjected to an excessive use of force and deliberate indifference to his serious medical needs in violation of his constitutional rights.[1] Plaintiff sought compensatory and punitive damages.

---

[1] Contemporaneous with the issuance of this Magistrate Judge's Report, a Magistrate Judge's Report was issued recommending that the Motion for Partial Summary Judgment filed by defendants Lt. Parker and Capt. Aymond, record document number 10, be granted in part. The report recommended dismissing the plaintiff's claims against these defendants except for his excessive use of force and deliberate medical indifference claims against Lt. Parker. Record document number 26.

Plaintiff moved for summary judgment relying on a statement of facts.[2]

Defendant Lt. Parker moved for summary judgment relying on a statement of undisputed facts, the affidavit of Dr. James Sylvester, copies of the plaintiff's medical records, copies of gas use logs, copies of disciplinary reports and the results of Administrative Remedy Procedure (hereafter "ARP") LSP-2012-3040.

## I. Factual Allegations

In his verified complaint, the plaintiff alleged that on September 7, 2012, Sgt. Frye told him to pack his personal property, and then restrained him and escorted him to a shower cell. Plaintiff alleged that sometime later, Sgt. Frye, Lt. Parker and Capt. Aymond returned to the shower cell and ordered him to come to the cell bars and turn with his back to the cell bars. Plaintiff alleged that when he complied, Sgt. Frye pulled him by the restraints to the cell bars and then Lt. Parker sprayed him with a chemical agent in the face and neck for three to five seconds. Plaintiff alleged that Capt. Aymond and Sgt. Frye stood

---

[2] Although the plaintiff filed a Cross Motion for Summary Judgment, he did not support it with his own affidavit. However, a review of the record showed that the plaintiff filed a verified Complaint which contains a version of the incident substantially different than the version given by the defendant. The court can properly treat this verified Complaint as an affidavit in opposition to the defendant's motion for summary judgment since the plaintiff was competent and made the assertions based on personal knowledge. *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77 (5th Cir. 1987).

by laughing during the incident.

Plaintiff alleged that when he asked why he had been sprayed with a chemical agent, Capt. Aymond also sprayed him with a chemical agent. Plaintiff alleged that Capt. Aymond said he hoped the plaintiff would go blind.

Plaintiff alleged that Sgt. Frye ordered him to rinse his eyes but the water was too hot and caused the plaintiff intense discomfort. Plaintiff alleged that when he asked to be examined by medical personnel, Lt. Parker told him he would be seen by an emergency medical technician (hereafter "EMT"), but not on his shift.

Plaintiff alleged that he was restrained and escorted to administrative segregation by Lt. Parker and Capt. Aymond. Plaintiff alleged that he was examined by an EMT approximately five to seven hours after the incident.

Plaintiff alleged that Lt. Parker issued him two false disciplinary reports following the incident.

## II. Applicable Law and Analysis

### A. Summary Judgment

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in

3

evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). Speculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

**B. Qualified Immunity**

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The

protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

**C. Excessive Force**

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, *supra*; *Whitley v. Albers*, *supra*. A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

There is conceptual distinction between the *de minimis* injury

and a *de minimis* use of force. *Wilkins v. Gaddy*, 559 U.S. 34, 38, 130 S.Ct. 1175, 1178 (2010) (per curiam) ("Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts."). To prevail on an Eighth Amendment excessive force claim, the plaintiff must establish that force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," and that he suffered an injury. *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996). The Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 10, 112 S.Ct. at 1000. The absence of serious injury, while relevant to the inquiry, does not preclude relief. The Fifth Circuit Court of Appeals has never directly held that injuries must reach beyond some arbitrary threshold to satisfy an Eight Amendment excessive force claim. *Brown v. Lippard*, 472 F.3d 384, 386 (5th Cir. 2006).

Moreover, the Supreme Court has made clear that the presence of even minor injuries do not relieve the defendants of liability for using excessive force. *See Wilkins*, 539 U.S. at 38, 130 S.Ct. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). For Eighth Amendment purposes, evidence of the

existence and extent of injuries are not dispositive. Instead, such information is considered in conjunction with the other *Hudson* factors to help determine whether the force used was excessive. *See Brown,* 472 F.3d at 386-87 ("In evaluating excessive force claims, courts may look to the seriousness of the injury to determine 'whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur.'" quoting *Whitley*, 475 U.S. 321, 106 S.Ct. 1085).

Plaintiff alleged that Lt. Parker sprayed him with a chemical agent without provocation. Specifically, the plaintiff alleged that after he complied with orders to turn with his back to the cell bars, Sgt. Frye pulled him by the restraints to the cell bars and Lt. Parker sprayed him with a chemical agent in the face and neck for three to five seconds.

Defendant offered a different version of the incident. Defendant contended that the plaintiff failed to comply with direct orders to come to the cell bars to be restrained and that force was used to gain compliance from the plaintiff so he could be restrained and then removed from the cell and escorted to administrative lockdown.

Plaintiff alleged that he experienced severe pain and burning of his eyes, face and neck and temporarily lost vision as a result

7

of being sprayed with the chemical agent.

Even if the medical records show that the plaintiff could prove only that he suffered eye irritation and a temporary burning sensation to his face and neck, this is not per se a *de minimis* injury.  There are also significant material facts in dispute regarding the remaining *Hudson* factors, i.e., need for the application of force, relationship between the need and use of force, the threat perceived by the official, and efforts made to temper the severity of the response.  *See Hudson*, 503 U.S. at 6-7, 112 S.Ct. at 998-999.

Because there are material facts genuinely in dispute, summary judgment on the plaintiff's excessive use of force claim is inappropriate.

**D. Medical Indifference Claims**

Plaintiff alleged that he was denied prompt medical treatment following the incident.  Specifically, the plaintiff alleged that after he was sprayed with a chemical agent he asked to be examined by an EMT or that he be taken to the Treatment Center to be examined for complaints of a burning sensation to his eyes, face and neck caused by the chemical agent.  Plaintiff alleged that he was instructed to rinse off the chemical, but he was unable to do so because the water intensified the burning sensation.  Plaintiff alleged that he made a second request to be examined by medical personnel.  Plaintiff alleged that Lt. Parker told him he would be

8

seen by an EMT, but not on his shift.  Plaintiff alleged that he was transferred to administrative lockdown and was not examined by an EMT for more than five hours.  Plaintiff alleged that the EMT also instructed him to rinse his eyes said the pain to his neck and face would subside in a couple of days.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.  *Id*.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).

The summary judgment evidence showed that the incident occurred on September 7, 2012 at approximately 2:50 p.m.[3] Plaintiff's medical records showed that medical personnel were notified of the incident at 3:48 p.m. and examined the plaintiff at

---

[3] Record document number 19-3, p. 19.

5:42 p.m.[4]  Physical examination showed that the plaintiff's lungs were clear, he ambulated without difficulty, he spoke in full sentences and there was no sign of trauma.[5]  Physical examination was unremarkable.[6]  No medications were ordered and the plaintiff was instructed to seek sick call as needed.[7]

Plaintiff's medical records showed that on September 9, 2012, he was examined by medical personnel at 3:38 p.m. for complaints of burning eyes and blurry vision due to being sprayed with a chemical agent.[8]  The medical records do not indicate whether the complaints were related to the incident on September 7 or another intervening incident.  Physical examination showed that the plaintiff's eyes were mildly red and irritated.[9]  Plaintiff was given Visine®.[10]

There is no evidence that Lt. Parker was deliberately indifferent to the plaintiff's serious medical needs.  There is no evidence that the defendant knew the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.  The summary judgment evidence showed

---

[4] Record document number 22, p. 22.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 23.

[9] *Id.*

[10] *Id.*

that medical personnel were notified of the incident in a timely manner. Defendant is entitled to summary judgment on the plaintiff's deliberate medical indifference claim as a matter of law.

**E. Failure to serve defendant Sgt. Frye.**

Sgt. Frye was not served with a summons and the Complaint, he did not file an answer, other responsive pleading or a motion, and he did not participate in the defendant's second motion for partial summary judgment or the earlier Motion for Partial Summary Judgment filed by defendants Lt. Parker and Capt. Aymond. Summons was returned unexecuted on March 13, 2014 as to defendant Sgt. Frye.[11] According to the Process Receipt and Return Form USM-285, service was not accepted for Sgt. Frye because he is no longer employed by the Louisiana Department of Public Safety and Corrections. Plaintiff took no action to provide the U.S. Marshal with an address at which Sgt. Frye could be served, nor did the plaintiff move for an extension of time to serve Sgt. Frye. Plaintiff's claims against Sgt. Frye are subject to dismissal pursuant to Rule 4(m), Fed.R.Civ.P.[12]

---

[11] Record document number 8.

[12] A dismissal without prejudice as provided by Rule 4(m) would not amount to a dismissal with prejudice in this case because a new suit against Sgt. Frye would not necessarily be prescribed. Insofar as the plaintiff alleged that Sgt. Frye participated with Lt. Parker in the use of excessive force by holding the plaintiff
(continued...)

11

**F. Supplemental Jurisdiction**

Plaintiff also sought to invoke the court's supplemental jurisdiction. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367. Plaintiff alleged various state tort and negligence claims against the defendant. If the recommendations made in this report and the Magistrate Judge's Report issued contemporaneously with this report are accepted, remaining before the court will be the plaintiff's Eight Amendment use of excessive force claim against

---

[12](...continued)
against the cell bars while Lt. Parker sprayed the plaintiff with a chemical agent, Sgt. Frye would be solidarily liable with Lt. Parker. Under Louisiana law, filing a timely suit against one solidary obligor interrupts prescription as to all other solidary obligors. La.C.C. arts. 1799 and 3503; *Hoefly v. Government Employees Ins. Co.*, 418 So.2d 575, 577-78 (La. 1982) (plaintiffs timely and properly filed suit against tortfeasors interrupted prescription as to his uninsured motorist carrier, who was solidarily liable to him); *Watts v. Georgia-Pacific Corp.*, 2012-0620(La. App. 1st Cir. 9/16/13), 135 So.3d 53 (same); *McKamey v. New Orleans Public Facility Management, Inc.*, 13-1437, (La. App. 4th Cir. 6/4/14), 140 So.3d 1233 (same). This interruption depends on the plaintiff actually proving his use of excessive force claim against Lt. Parker. And the interruption is not endless; it lasts only so long as the claim against Lt. Parker remains pending. La. C.C. arts. 1799 and 3503; *Etienne v. Nation Auto. Ins. Co.*, 1999-2601 (La. 4/25/00), 759 So.2d 51, 56; *Kinchen v. Metropolitan Property & Cas. Ins. Co.*, 2004-1894 (La. App. 1st. Cir. 9/23/05), 923 So.2d 678, 680.

Lt. Parker. Plaintiff's state law claims would substantially predominate over the remaining federal claims over which the court has original jurisdiction. Therefore, the court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## Conclusion

Based on a careful review of the plaintiff's medical records, consideration of all of the summary judgment evidence, and the applicable law, the plaintiff's motion should be denied, the defendant's motion should be granted in part dismissing the plaintiff's deliberate medical indifference claim, and this matter be referred back to the magistrate judge for further proceedings.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that (1) the plaintiff's Cross Motion for Summary Judgment be denied, (2) the Defendant's Second Motion for Partial Summary Judgment on the Claims of Deliberate Indifference, Cruel and Unusual Punishment and Excessive Force filed by Lt. Clarence Parker be granted in part, dismissing the plaintiff's Eighth Amendment deliberate medical indifference claim, (3) in all other respects the defendant's motion be denied, (4) the plaintiff's claims against Sgt. Frye be dismissed for failure to prosecute pursuant to Rule 4(m), and (4) this matter be referred back to the magistrate judge for further

13

proceedings.

Baton Rouge, Louisiana, January 20, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE