# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TONKA HAYNES (#338440)**                                         **CIVIL ACTION**

**VERSUS**

**LT. CLARENCE PARKER, ET AL.**                       **NO. 13-0818-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 3, 2016.

                                                           **ERIN WILDER-DOOMES**
                                                           **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TONKA HAYNES (#338440)**                                  **CIVIL ACTION**

**VERSUS**

**LT. CLARENCE PARKER, ET AL.**                             **NO. 13-0818-SDD-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are the cross-motions for summary judgment of the plaintiff and the remaining defendant, Clarence Parker (R. Docs. 56 and 61).

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Clarence Parker, Capt. Gary Aymond and Sgt. Frye, complaining that the defendants violated his constitutional rights on September 7, 2012, in several respects, including through excessive force on that date. The Court has previously granted partial summary judgment to the defendants in this case, *see* R. Docs. 39 and 40, dismissing all of the plaintiff's claims except his claim of excessive force asserted against defendant Clarence Parker in violation of the Eighth Amendment to the United States Constitution.[1]

---

[1]. On March 16, 2015, the Court issued two Rulings addressing motions for judgment filed by the parties. *See* R. Docs. 39 and 40. In the Ruling docketed at R. Doc. 40, the Court approved and adopted a Magistrate Judge's Report dated January 20, 2015 (R. Doc. 26), and granted in part and denied in part a Motion for Partial Summary Judgment filed by defendants Clarence Parker and Gary Aymond. That Ruling dismissed the plaintiff's claims asserted against defendant Gary Aymond for failure to exhaust administrative remedies as mandated by 42 U.S.C. §1997e and dismissed all of the plaintiff's claims asserted against defendant Parker except for the plaintiff's Eighth Amendment claims of excessive force and deliberate medical indifference. In the Ruling docketed at R. Doc. 39, the Court approved and adopted a second Magistrate Judge's Report dated January 20, 2015 (R. Doc. 27). That Ruling denied a motion for summary judgment filed by the plaintiff, dismissed the plaintiff's claims asserted against defendant Sgt. Frye for failure of the plaintiff to timely serve that defendant pursuant to Rule 4(m), Fed. R. Civ. P., and dismissed the plaintiff's claim asserted against defendant Parker of deliberate medical indifference. As such, the sole claim remaining before the Court is the plaintiff's claim of excessive force asserted against defendant Parker under the Eighth Amendment to the United States Constitution.

The plaintiff moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, his own Declaration executed "under penalty of perjury," excerpts from his pertinent administrative remedy proceedings, excerpts from his medical records, hand-written statements purportedly executed by co-inmates Spencer Watts, Toby Parfait, Patrick Wade and Carl England, and a copy of the transcript of his deposition testimony given on April 21, 2015.

Defendant Parker moves for summary judgment relying on the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's pertinent administrative remedy proceedings, a certified copy of the plaintiff pertinent medical records, an excerpt from the LSP Camp D Chemical Agent Logbook for the date September 7, 2012, a certified copy of a disciplinary report issued against the plaintiff on September 7, 2012, prepared by Nurse Shulonda Robinson (charging the plaintiff with an "Aggravated Sex Offense"), a certified copy of a disciplinary report issued against the plaintiff on September 7, 2012, prepared by defendant Clarence Parker (charging the plaintiff with "Aggravated Disobedience"), a copy of an expert report dated May 14, 2015, prepared by Dr. Glenn M. Coullard, and the affidavits of Dr. James Sylvester, Dr. Glenn M. Coullard and defendant Clarence Parker.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56,

3

the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

As pertinent to the single claim and defendant remaining before the Court, the plaintiff alleges in his Complaint that on September 7, 2012, he was ordered to pack his personal property and was escorted in restraints to the shower cell located on the cell tier. The plaintiff alleges that sometime later defendant Parker, accompanied by Sgt. Frye and Capt. Aymond, returned to the tier and ordered the plaintiff to approach the cell bars and to turn his back toward them. The plaintiff alleges that when he complied with this request, Sgt. Frye pulled the plaintiff backward by the restraints, pinning the plaintiff to the cell bars, and Lt. Parker then sprayed the plaintiff with

4

a chemical agent in the face and neck for three to five seconds. The plaintiff alleges that when he asked to be examined by medical personnel, Lt. Parker responded that the plaintiff would be seen later by a medical technician. Finally, the plaintiff alleges that he was restrained and escorted to administrative segregation by Lt. Parker and Capt. Aymond and was later provided with an examination by a medical technician.

In response to the plaintiff's allegations, defendant Parker asserts that he is entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendant contends that only a minimal amount of force was utilized against the plaintiff on the date in question and that the plaintiff has failed to present evidence sufficient to show the existence of a genuine issue of disputed fact relative to the defendant's violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). Taking the facts as alleged in the light most favorable to the plaintiff, the Court considers whether the defendant's conduct violated the plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time that the violation occurred. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) "that called for consideration of the two-pronged analysis in a particular order" should not be "regarded as an inflexible requirement"). Under Pearson, courts now have discretion to decide which of the two prongs of the analysis to address first. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Saucier v. Katz, supra*, 194 U.S. at 201. The relevant,

5

dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation that he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct. *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.

Undertaking the qualified immunity analysis with respect to the plaintiff's claim of excessive force, the Court finds that the parties' cross-motions for summary judgment should be denied in connection with this claim. Specifically, the Court finds that there are genuine issues of disputed material fact in this case that are not susceptible of resolution on motion for summary judgment.

Initially, the Court finds that the plaintiff's claim asserted against the defendant in the defendant's official capacity is subject to dismissal because 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in an official capacity, specifically because such officials are not seen to be "persons" within the meaning of § 1983.[2]  *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

---

2. One of the earlier Magistrate Judge's Reports in this case (R. Doc. 26) similarly concluded that the plaintiff's claims asserted against the defendant in the defendant's official capacity should be dismissed. *See id.* at pp. 11-12. That conclusion, however, was not clearly repeated in the Magistrate Judge's concluding Recommendation. *See id.* at pp. 13-14. As a result, when the District Judge approved and adopted the Magistrate Judge's Report and Recommendation, the Ruling did not address the plaintiff's official capacity claims. *See* R. Doc. 40. Accordingly, the Court again recommends that the plaintiff's claims asserted against the defendant in the

In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id.* at 25. Accordingly, the plaintiff's claim asserted against the defendant in the defendant's official capacity for monetary damages is subject to dismissal. In contrast, the plaintiff's claim for monetary damages asserted against the defendant in the defendant's individual capacity remains theoretically viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id.* at 29.

Turning to the plaintiff's claim asserted against the defendant in the defendant's individual capacity, the law is now well-settled that a use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Williams v. Champagne*, 13 F. Supp. 3d 624, 632 (E.D. La. 2014), quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986). The fact that an inmate may have sustained only minimal injury,

---

defendant's official capacity be dismissed for the reasons stated in the earlier Magistrate Judge's Report and Recommendation.

7

however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015), citing *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Applying the foregoing standard, the Court finds that there are disputed questions of material fact regarding the events of September 7, 2012. The plaintiff has filed a verified Complaint and has provided his own sworn declaration, executed "under penalty of perjury," attesting that on the referenced date, he was escorted to administrative segregation in connection with an earlier disciplinary report. The plaintiff further attests that he thereafter complied with all instructions given to him by security officers and cooperated in being placed in the shower cell at Camp D and in backing up to the bars of the cell as instructed. According to the plaintiff, defendant Parker, without provocation or justification, then sprayed a quantity of chemical irritant into the plaintiff's face. The plaintiff further attests that the defendant subsequently falsified a disciplinary report charging the plaintiff with "Aggravated Disobedience" and accusing the plaintiff of disobeying repeated orders to come to the bars of the cell.

In response to the plaintiff's assertions, the defendant has presented his own competing sworn affidavits, attesting that on the referenced date, he arrived at the plaintiff's cell tier for the purpose of escorting the plaintiff to administrative segregation. According to the defendant, the plaintiff then refused to comply with repeated orders to come to the bars of the cell. The defendant attests that, in response to these repeated refusals, he obtained a can of irritant spray and again issued repeated orders to the plaintiff. The defendant attests that it was only upon the plaintiff's continued refusal to obey these commands that a brief one-second application of irritant spray was utilized to obtain the plaintiff's compliance. The defendant asserts that the plaintiff then complied with the defendant's instructions and was allowed to shower and put on a clean jumpsuit. The defendant further asserts that the referenced use of force was reasonable and necessary and was undertaken solely for the purpose of obtaining compliance with orders and was not utilized to cause the plaintiff harm or pain. Finally, the defendant points to the absence of any serious complaints of injury by the plaintiff after the incident as proof that the use of force was not excessive.

As noted above, the absence of serious injury is not sufficient to eliminate the essential factual dispute between the parties in this case relative to the events of September 7, 2012. The parties have provided competing sworn accounts of the events of the referenced date, and the resolution of the factual dispute will require credibility determinations that are not susceptible of determination on motion for summary judgment. Accepting the plaintiff's sworn assertions as true, the defendant sprayed a burst of chemical irritant into the plaintiff's cell, lasting between three and five seconds, without any provocation or justification, and a reasonable correctional officer would have known on that date that such conduct was constitutionally objectionable.

9

Although documentation prepared after the incident characterized the use of force as being only a one-second burst of irritant spray, *see* R. Doc. 71-3 at pp. 15-20, the plaintiff asserts that the defendant in fact employed three separate bursts of the chemical irritant, *see* R. Doc. 71-3 at p. 3. The Court notes in this regard that the Camp D chemical log reflects that forty (40) grams of chemical were expended from the canister used during the incident. *See* R. Doc. 72. Although the plaintiff apparently suffered only minor objective injuries as a result of the incident, he alleges that he experienced severe discomfort that persisted for several days thereafter, and the Court has previously noted that an absence of serious injury is not alone sufficient to defeat a claim of excessive force. Accordingly, in light of the apparent disputed fact issues in this case, the parties' cross-motions for summary judgment should be denied.

## RECOMMENDATION

It is recommended that the defendant Clarence Parker's cross-motion for summary judgment (R. Doc. 56) be granted in part, dismissing the plaintiff's claim asserted against defendant Parker in his official capacity, as recommended in an earlier Magistrate Judge's Report (R. Doc. 26, pp. 11-12). It is further recommended that the plaintiff's cross-motion for summary judgment (R. Doc. 61) be denied and that this matter be referred back to the Magistrate Judge for further proceedings in connection with the plaintiff's Eighth Amendment claim of excessive force asserted against defendant Clarence Parker in the defendant's individual capacity.

Signed in Baton Rouge, Louisiana, on March 3, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**